UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-52 (DWF/JFD) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Jose Ramone Navarrete-Rivera, | |
| Defendant. | |

## INTRODUCTION

Defendant Jose Ramone Navarrete-Rivera moves to suppress evidence obtained as a result of a search and seizure (Doc. No. 21) and statements made while he was in custody (Doc. No. 22). In a Report and Recommendation ("R&R"), Magistrate Judge John F. Docherty recommended that Navarrete-Rivera's motions be denied. (Doc. No. 51.) Navarrete-Rivera filed an objection to the R&R (Doc. No. 54), and United States of America (the "Government") responded (Doc. No. 56). After an independent review of the record and objection, the Court adopts the R&R and denies Navarrete-Rivera's motions.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled

matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that there was probable cause for the issuance of a search warrant. A confidential informant ("CI") provided officers a photo of Navarrete-Rivera and told officers that Navarrete-Rivera was involved in the selling and distribution of methamphetamine. The CI stated that Navarrete-Rivera "lived at the 'Club West' apartments in Minneapolis on the 13th floor." (Gov't Ex. 2 at 4.) Officers corroborated the CI's information by searching law enforcement databases for "Jose Ramone Navarrete-Rivera" and found that an individual with that same name lived in "City Club" apartment in Minneapolis on the 13th floor. The Magistrate Judge concluded that this independent corroboration established the CI's reliability.

Additionally, officers conducted a dog sniff outside of Navarrete-Rivera's apartment with a certified narcotics detector dog named Kirk, and Kirk indicated the presence of narcotics when he sniffed the front door. The Magistrate Judge found that the CI's information, coupled with the positive dog sniff, provided probable cause to believe that drugs were inside the apartment.

The Magistrate Judge also concluded that the dog sniff was constitutional given that the Eighth Circuit has held that a dog sniff of an apartment door does not constitute a search under the Fourth Amendment and the case has not been expressly overruled. *See United States v. Scott*, 610 F.3d 1009, 1015 (8th Cir. 2010). Even if the Eighth Circuit "has quietly overruled *Scott*," the Magistrate Judge reasoned, "the *Leon* good faith

exception would spare from suppression the evidence found in the warranted search of Mr. Navarrete-Rivera's apartment." (Doc. No. 51 at 15.)

In addition, the Magistrate Judge determined that Navarrete-Rivera was adequately informed of his *Miranda* rights—officers read his *Miranda* rights in English and Spanish and provided Navarrete-Rivera a written advisory in Spanish. After reviewing Navarrete-Rivera's conversation with an agent prior to his questioning, the Magistrate Judge decided that Navarrete-Rivera did not unambiguously request counsel. Given the totality of the circumstances, the Magistrate Judge found that Navarrete-Rivera voluntarily, knowingly, and intelligently waived his *Miranda* rights.

Navarrete-Rivera objects to the R&R, arguing that the search warrant lacked probable cause because the CI was not established to be reliable, the CI did not provide sufficient information, and the dog sniff was unconstitutional. Navarrete-Rivera further argues that the *Leon* exception does not apply because the officers' reliance on the search warrant was unreasonable. Moreover, Navarrete-Rivera argues that he invoked his right to counsel and did not knowingly and intelligently waive his *Miranda* rights. For those reasons, Navarrete-Rivera argues that the evidence found during the search and the statements he made during his interview should be suppressed.

After a careful review of the Navarrete-Rivera's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's conclusions. The Court agrees with the Magistrate Judge that the CI's information and the dog sniff provided sufficient probable cause to warrant a search of Navarrete-Rivera's apartment.

As the Eighth Circuit has noted "independent corroboration of even innocuous facts makes it more likely an informant is telling the truth about incriminating ones, and corroboration of innocent behavior can provide the basis for establishing probable cause." *United States v. Ketzeback*, 358 F.3d 987, 992 (8th Cir. 2004). As noted above, the CI provided a picture of Navarrete-Rivera and indicated that Navarrete-Rivera lived in Minneapolis at "Club West" on the thirteenth floor. Officers corroborated both the photo of Navarrete-Rivera and his residence at "City Club" on the thirteenth floor. The Court finds that the corroboration of those facts established that the CI provided reliable information. In *United States v. Faulkner*, the Eighth Circuit similarly held that the corroboration of noncriminal activity—details about the defendant's ownership of two cars and presence at two residences—established an informant's reliability. 826 F.3d 1139, 1145 (8th Cir. 2016). And in *United States v. Thomas*, the court found the corroboration of the defendant's residence permitted the inference that the informant was reliable. No. 20-cr-265 (WMW/HB), 2022 WL2056407, at *3 (D. Minn. Mar. 11, 2022), *report and recommendation adopted*, No. 20-cr-265 (WMW/HB), 2022 WL 1448831 (D. Minn. May 9, 2022). The Court thus agrees with the Magistrate Judge that the CI's information, coupled with the positive dog sniff,[1] were sufficient to establish probable cause.

---

[1] The Court further agrees with the R&R's conclusions regarding the timing of the dog sniff and the dog's training and certification. (*See* Doc. No. 51 at 10-11.)

Moreover, the dog sniff was constitutional. Navarrete-Rivera argues that the Eighth Circuit overruled *Scott* in *United States v. Perez*, 46 F.4th 691 (8th Cir. 2022), but the Court disagrees. *Perez* similarly involved a dog sniff outside the front door of an apartment. *Id.* at 697. The Eighth Circuit relied on the exclusionary rule, noting that at the time the officer in the case conducted the dog sniff the Court "had neither expressly overruled *Scott* nor explained how *Jardines* applies to apartment doors in a common hallway." *Id.* at 697-98. That is still the case today. The *Eighth Circuit* has neither overruled *Scott* nor explained how *Jardines* applies to apartment doors with common hallways, and thus *Scott* remains good law and the dog sniff in this case was constitutional. Even if the dog sniff was unconstitutional, the exclusionary rule applies, as the Court cannot find that the officers' reliance on the search warrant and *Scott* was unreasonable.

Lastly, for the reasons outlined in the R&R, the Court finds that Navarrete-Rivera did not unambiguously request counsel during his interview with officers. Navarrete-Rivera indicated that he wanted to speak with the officers "but then . . . I can have my lawyer too." Officers told Navarrete-Rivera that he needed to decide whether he wanted a lawyer or not, and Navarrete-Rivera responded, "I'll talk." Perhaps Navarrete-Rivera meant that he wanted a lawyer right away. The test, however, is an objective one, and the Court finds that Navarrete-Rivera's statements—despite his alleged intention—did not convey an unambiguous request for counsel.

5

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Navarrete-Rivera's objection (Doc. No. [54]) to Magistrate Judge John F. Docherty's November 21, 2022, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge John F. Docherty's November 21, 2022, Report and Recommendation (Doc. No. [51]) is **ADOPTED**.

3. Navarrete-Rivera's motion to suppress evidence obtained as a result of a search and seizure (Doc. No. [21]) is **DENIED.**

4. Navarrete-Rivera's motion to suppress statements, admissions, and answers (Doc. No. [22]) is **DENIED.**

Dated: January 10, 2023         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge